TOLO BERNARD aka ALAPATI BERNARD, Appellant,
v.
GOVERNMENT OF AMERICAN SAMOA, Appellee.

High Court of American Samoa
Appellate Division

AP No. 23-80

November 26, 1980

Before McNICHOLS*, Acting Associate Justice, presiding, MURPHY, Associate Justice, SHRIVER**, Acting Associate Justice, POUTOA, Associate Judge, and SEVAAETASI, Associate Judge.

PER CURIAM.

The Appellant was convicted of trespass in violation of 15 ASC 1413(a). The Appellant was seen on the porch of a home peeping through a wire mesh into the house, then occupied by a woman. He fled and when capturd a few minutes later was unclothed. We are of the view that by being on the porch, with eaves extending over the porch, the appellant had made an entry into the house within the meaning of the statute. In the Samoan culture, where houses are more open than would ordinarily be the case, it is considered very wrong to spy on a neighbor.

Samoa does not have a "Peeping Tom" statute to cover situations such as this. The Attorney General may wish to recommend such a statute to the Samoan legislature. 15 ASC 1413 provides:

> (a)  A person commits the crime of trespass if he
> knowingly enters unlawfully or knowingly remains
> unlawfully in a building or inhabitable structure
> or upon real property. (Emphasis supplied)
> (b)  A person does not commit the crime of trespass
> by entering or remaining upon real property unless
> the real property is fenced or otherwise enclosed
> in a manner designed to exclude intruders or as to
> which notice against trespass is given by:
> 1. actual communication to the actor, or
> 2. posting in a manner reasonably likely to
> come to the attention of intruders.

We must first consider what we are not dealing with here. We are not dealing with a Samoan house open on all sides except when the weather requires closure. We are concerned here with a palagi style house with a front door which must be opened to permit entry. The evidence does not indicate that the appellant either entered or attempted to enter the house through the door. The occupant of the house at no time knew of the defenant's presence looking into the living room.

Trespass is well known to the law from the earliest days of the common law and Roman law. 87 CJS 1102. The general trespass provisions were noted by Justice Black in Martin v. City of Struthers (1943) 319 U.S. 141, 147:

> Traditionally the American law punished persons who
> enter onto the property of another after having been
> warned by the owner to keep off. General trespass
> after warning statutes exist in at least twenty states
> while similar statutes of narrower scope are on the
> books of at least twelve states more (footnotes ommited).

The instant statute clearly requires an intent to trespass. The person charged must have entered knowingly and unlawfuly.

We must now determine what "enter" means in the context of the statute. We conclude in this case that we are justified in applying the construction that the Appellant entered the house when he passed under the eaves with the criminal intent of viewing the occupant for possible sexual purposes. Ordinarily, such conduct would lead to a breach of the peace if discovered at the time. The general principle is stated in 75 Am.Jur. 2d section 87:

> Criminal intent is an essential element of the statutory
> offense of trespass, even though the statute is silent
> as to intent, and if the act prohibited is committed
> in good faith under claim of right or color of title,
> although the accused is mistaken as to his right, unless
> it is committed with force or violence or a breach of

the peace, no conviction will lie, since it will not be presumed that the legislature intended to punish criminal acts committed in ignorance, by accident or under claim of right, and in the bona fide belief that the land is the property of the trespasser, unless the terms of the statute forbid any other construction. A statute penalizing every trespass upon the property of another committed with a malicious and mischievous intent is not void on the ground of vagueness, there being no lack of notice and nothing to entrap the unwary; the requirement of "a malicious and mischievous intent," narrowing rather than broadening the scope of the offense, makes its meaning more understandable and clear (footnotes omitted).

The judgment of the District Court is AFFIRMED.

------------------------

*Honorable Ray McNichols, United States District Court Judge, District of Idaho, sitting by designation of the Secretary of the Department of the Interior.